## BOND TO SECURE PAYMENT OF INCOME TO WIDOW NOT TAXABLE.

Circuit Court of Cuyahoga County.

JOSEPH C. SHIELDS, TREASURER, v. ROSA S. MATTHEW, ADMINISTRATRIX.

Decided, March 19, 1906.

*Taxation—Surety Bond Given to Secure Payment of Bequests Not Taxable.*

When a testator makes a bequest payable in monthly installments and the executors of his will in order to settle up his estate set aside certain real estate from the rentals of which the monthly installments are to be paid and execute a bond which is deposited with the probate court securing the payment of the bequest, such bond is not subject to taxation.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Julia A. Stone was the widow of Amasa Stone, deceased, who died in 1883.

By the third item of the will of said Amasa a bequest of $25,000 per annum, to be paid monthly, is made to said Julia. By the thirteenth item of the same will it is provided as follows, "In event that my estate shall close up to the value of $3,500,000 including $500,000 from which the annuity of $25,000 annually to my wife shall accrue," etc. Clearly the testator contemplated the setting apart of $500,000 from the rest of his estate, as the source from which the payments should be made to his widow.

It is settled, by the decision of *Chisholm* v. *Shields, Treas.*, 57 Ohio St., 374, that this bequest is not taxable.

It is settled by the statutes, 2736, 2737 and 2739, that *annuities* are taxable.

The bond sought in this action to be taxed was given on the 14th of October, 1886. It was accepted by Mrs. Stone as a means of securing to her the bequest made in the third item of her husband's will. It was deposited with the probate judge and was executed in accordance with his suggestions and as a means of closing up the settlement of Mr. Stone's estate so far as the court was concerned.

Prior to the giving of this bond the executors of the will of Mr. Stone had set apart real estate of the value of $500,000 from the rents of which the monthly payments were being made to Mrs. Stone, an agent, Mr. Raymond, having charge of the property and out of the rents paying Mrs. Stone her monthly installments. This was continued up to the time of Mrs. Stone's death in the same manner after the bond was executed. It was intended that it should so continue.

The deposit of the bond with the probate judge did not make it, nor is it to be treated, or considered in any wise as the bond provided by Section 5997, Revised Statutes, to be given by residuary legatees.

The testimony of Mr. John Hay and of Mr. S. A. Raymond was admitted, not to vary the terms, but to show the circumstances under which it was given, and the use of it. For that purpose the testimony was competent.

Copy of lease made in 1893, by Mr. and Mrs. Hay and Mr. and Mrs. Mather was admitted, though it is doubtful if such lease was competent evidence; it was not prejudicial to the plaintiff in error.

It is manifest from the evidence that after the giving of the bond, as well as before, the payments were, and were to be made to Mrs. Stone from the income of the $500,000 worth of real estate. There was no intention or thought of resorting to the bond, unless there should be a deficit from the rents, which there never was. Mrs. Stone was protected by the bond. She was by that instrument secured in the payments provided for her

in the will, but she was to receive, as she had received, her income from their rents.

To hold that this simple change in the evidence of Mrs. Stone's claim should subject this provision to taxation, would be a hardship and would seem to be an injustice. The reason for the decision in the Chisholm case, in great measure is applicable to this case, and the judgment is affirmed.

## INSUFFICIENT CERTIFICATE TO BILL OF EXCEPTIONS.